UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MIAMI VALLEY FAIR HOUSING HOUSING CENTER, INC.** 505 Riverside Drive Dayton, OH 45405 | : : : : | Judge: Case No.: |
| **Plaintiff,** | : | |
| v. | : | |
| **PARADISE RESIDENCY, LLC** 270 Spinning Road Dayton, OH 45431 | : : | |
| and | : | |
| **RED PARADISE, LLC** 270 Spinning Road Dayton, OH 45431 | : : | **COMPLAINT FOR VIOLATIONS OF THE FAIR HOUSING ACT** |
| and | | **JURY TRIAL DEMANDED** |
| **SAURIN SHAH** 26416 85th Ave. Floral Park, NY 11001 | | |
| **Defendants.** | | |

**COMPLAINT**

Now comes Plaintiff, Miami Valley Fair Housing Center, Inc., by and through counsel, and for its Complaint states the following:

**INTRODUCTION**

1. Plaintiff, Miami Valley Fair Housing Center, Inc. ("MVFHC" or "Plaintiff"), brings this action for declaratory, injunctive, and monetary relief against Paradise Residency, LLC,

1

Red Paradise LLC, and Saurin Shah (collectively the "Defendants"), for discrimination on the basis of disability in violation of the federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601.01, *et seq.*, and the fair housing laws of the state of Ohio, Ohio Rev. Code § 4112.01, *et seq*. (the "Fair Housing Laws").

2. Under the Fair Housing Laws, housing providers shall not discriminate because of disability, among other protected characteristics.

3. Disability discrimination occurs when a housing provider treats someone differently because they have a disability, or by denying a reasonable accommodation or reasonable modification.

4. Defendants' housing policies and practices restrict housing choice for prospective tenants utilizing assistance animals.

5. Defendants' policies and practices impose different terms and conditions on prospective tenants with assistance animals, which severely limits housing choice for applicants with disabilities.

6. Defendants' policies and practices make housing unavailable for prospective tenants with disabilities in violation of the Fair Housing Laws.

7. The Ohio Civil Rights Commission (the "Commission") conducted a thorough investigation and determined it was probable that Defendants engaged in an unlawful discriminatory practice on the basis of disability in violation of Ohio Rev. Code § 4112.

8. Defendants engaged in violations of the federal Fair Housing Act, 42 U.S.C. § 3601.01, *et seq.*, and Ohio Fair Housing Act, Ohio Rev. Code § 4112.01, *et seq.*, by imposing different terms and conditions on prospective applicants; and failing to grant reasonable accommodations.

9. Defendants' policies and practices violate the Fair Housing Laws, 42 U.S.C. 3601.01, *et seq.;* and Ohio Rev. Code §4112.02(H), *et seq*., in that they unfairly restrict housing choice for tenants with disabilities.

## PARTIES

10. Plaintiff, Miami Valley Fair Housing Center, Inc. (MVFHC), is a private, non-profit corporation, organized under the laws of the State of Ohio. The mission of MVFHC is to eliminate housing discrimination and ensure equal housing opportunity for all people in our region, the State of Ohio, and nationally. MVFHC conducts housing discrimination testing to ensure that housing providers are meeting the requirements of all federal, state, and local fair housing laws.

11. Defendant, Paradise Residency, LLC is an Ohio corporation. Paradise Residency maintains its principal place of business in Montgomery County, Ohio. At all times herein, Defendant, Paradise Residency, LLC, managed a rental property at 3842 Milford Drive, Kettering, OH 45429.

12. Defendant, Red Paradise, LLC is an Ohio corporation. Red Paradise maintains its principal place of business in Montgomery County, OH. At all times herein, Defendant, Red Paradise LLC, owned and operated a rental property at 3842 Milford Drive, Kettering, OH 45429 (hereinafter the "Subject Property").

13. Defendant, Saurin Shah, is an experienced real estate professional and managed the Subject Property. Shah is believed to be the owner/manager of Defendants Paradise Residency, LLC and Red Paradise, LLC.

14. In acting or omitting to act as alleged herein, each Defendant acted through its employees, officers, and/or agents and is liable on the basis of the acts and omissions of its employees,

officers, and/or agents.

15. In acting or omitting to act as alleged herein, each employee, officer, or agent of each Defendant was acting in the course and scope of his or her actual or apparent authority pursuant to such agencies, or the alleged acts or omissions of each employee or officer as agent was subsequently ratified and adopted by one or more Defendants as principal.

## JURISDICTION AND VENUE

16. Jurisdiction is appropriate in that this civil action is brought under the Federal Fair Housing Act ("FHA") and Federal Fair Housing Amendments Act ("FHAA"), 42 U.S.C. §§ 3601, *et seq*.

17. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the complaint raises important federal questions under the FHA and FHAA.

18. This Court has supplemental jurisdiction over related state law claims, Ohio Rev. Code § 4112.01, *et seq.* (the "Ohio Fair Housing Act"), under 28 U.S.C. § 1367.

19. Defendants are subject to the jurisdiction of this Court as they are a "Person" under the Fair Housing Laws, and the acts described herein primarily occurred in Montgomery County, Ohio.

20. Defendants conduct business across Ohio, including but not limited to: owning property, managing property, leasing property, and performing contractual obligations in Ohio.

21. Venue is proper in this Court in that the discriminatory acts occurred primarily in Montgomery County, Ohio.

22. Wherefore, Plaintiff respectfully requests that this honorable Court take jurisdiction of this Complaint and award such relief as is appropriate under the federal and state Fair Housing Laws.

# FACTS

23. Plaintiff restates and realleges each and every allegation in Paragraphs 1 through 22 as if fully restated herein.

24. Plaintiff conducted testing of Defendants' Subject Property in June of 2022.

25. The Subject Property was being publicly advertised.

26. The Subject Property was owned by Defendant Red Paradise, LLC and managed by Paradise Residency, LLC and Saurin Shah.

27. Testing evidence provided clear, unambiguous, and demonstrative evidence of discrimination against persons with disabilities regarding requesting and obtaining reasonable accommodations, and in subjecting disabled tenants to different terms, conditions, and privileges of renting a unit with Defendants.

**TEST #1 Reasonable Accommodation Tester - Teleconference with 937-442-8062 and Text to 937-701-7040**

28. On or around June 29, 2022, MVFHC's reasonable accommodation tester ("RA Tester") called Defendants at the listed number.

29. The RA Tester spoke with an individual who stated that the unit at 3842 Milford Ave in Kettering was available for rent.

30. Prior to terminating the call, the RA Tester notified Defendants that his minor child had a disability and therefore required an assistance animal. The RA Tester asked if that would be acceptable.

31. Defendants' agent stated that it would be alright and that they would go over their pet policy when the tester toured the house.

32. The RA Tester made plans to visit and tour the Subject Property by texting the number that was provided to the RA Tester over the phone.

33. The RA Tester went to the Subject Property the following day and was told to obtain the keys in the mailbox to tour the Subject Property.

34. The RA Tester toured the Subject Property and was called by Defendants' agent during the tour of the residence.

35. During the tour, the RA Tester reminded Defendants' agent that his son had a disability and required an assistance animal. The RA Tester once again asked for assurance that this was going to be acceptable.

36. Defendants' agent stated that they "could work everything out" and that Defendants would need the service animal registration tag for the animal among other things.

37. The RA Tester asked if there would be any fees for the animal.

38. Defendants' agent stated that there would be a pet deposit and additional rental fees for the assistance animal.

39. The RA Tester inquired into the total sum of the pet deposit and "additional rental fees."

40. Defendants' agent then inquired into the weight of the dog.

41. The RA Tester notified Defendants that the dog weighed approximately 80 pounds and that the dog was not a pet but rather an assistance animal prescribed by his son's doctor.

42. Defendants' agent stated that the assistance animal would require a $300.00 deposit.

43. The RA Tester asked if the pet deposit could be waived since the animal was a medical device rather than a pet. However, Defendants' agent never agreed to waive the fee.

44. The RA Tester and Defendants' agent then communicated about prospective lease terms. Defendants' agent stated there was a $40.00 application fee, the rent would be $1,100.00

per month, the RA Tester would pay the first and last month of rent as a deposit plus an additional $500.00. Defendants' agent further confirmed that all utilities had to be in the RA Tester's name.

**TEST #2 – Control Tester**

45. On or around June 30, 2022, MVFHC had a Control Tester ("CT Tester") contact Defendants to inquire about renting the Subject Property.

46. The CT Tester toured the Subject Property on that same day.

47. The CT Tester spoke with Defendants' agent over the phone while touring the Subject Property.

48. The CT Tester inquired about the fees associated with the Subject Property. Defendants' agent confirmed that there was a $40.00 application fee, rent was $1,100.00 per month, and there was a $500.00 deposit along with the first and last month of rent.

### TESTING EVIDENCE AND COMMISSION INVESTIGATION

49. Testing evidence indicates that Defendants' actions, policies, and practices prevent prospective applicants with disabilities from applying for or renting a unit at the Subject Property.

50. Testing evidence further indicates that Defendants intentionally discriminate against prospective applicants by imposing different terms, conditions, or privileges on disabled applicants during the application and rental process. Such intentional discrimination includes advising applicants with disabilities that there are additional fees to rent the unit and having a policy against waiving pet fees for applicants with disabilities.

51. Testing evidence further indicates that Defendants maintain policies and procedures which unfairly restrict housing choice for applicants with disabilities. Such policies include the

imposition of additional fees to obtain a reasonable accommodation.

52. Testing evidence further indicates that Defendants fail to explore alternative accommodations to best suit the needs of disabled applicants.

53. Plaintiff filed an administrative complaint with the Commission on May 31, 2023 alleging that Defendants violated Ohio Rev. Code § 4112 on the basis of disability. The administrative complaint is attached as Plaintiff's Exhibit #1.

54. Pursuant to 42 U.S.C. §3613(a)(1)(B), the statute of limitations was tolled for the time during which Plaintiff's administrative complaint was pending before the Commission.

55. The Commission conducted an extensive investigation into Defendants' housing policies, practices, and services related to the conduct described in this Complaint. Defendants were provided the opportunity to provide a defense of their actions, policies, and practices.

56. On February 8, 2024, the Commission issued a letter of determination finding it probable that Defendants discriminated on the basis of disability. The Commission's determination is attached as Plaintiff's Exhibit #2 to this Complaint.

57. The Commission determined that Defendants refused a reasonable accommodation by failing to waive the pet deposit and monthly fees for the assistance animal in violation of the Fair Housing Laws.

**INJURY TO PLAINTIFF**

58. Defendants denied the requests for reasonable accommodations to waive the pet deposit and monthly pet fees.

59. Both requests for accommodation were reasonable and necessary.

60. MVFHC's testers were subjected to different terms, conditions, and privileges in renting a dwelling.

61. Defendants' actions as described herein made housing otherwise unavailable for prospective applicants based on disability.

62. Defendants' actions as described herein limit housing choice for persons with disabilities in violation of the Fair Housing Laws.

63. As a direct, proximate, and foreseeable result of Defendants' actions as described herein, Plaintiff, MVFHC, has suffered, continues to suffer, and will in the future suffer substantial, particularized, and concrete injuries.

64. Defendants' unlawful conduct, policies, and practices have frustrated and impaired MVFHC's mission and purpose, forced them to drain their limited and scarce resources, and imperceptibly impaired their ability to operate as a fair housing organization.

65. Defendants' conduct frustrated Plaintiff's mission by interfering with their mission-related activities, impairing their ability to achieve their goals of ensuring equal and fair access to housing opportunities, and harming their community.

66. Defendants' discriminatory conduct has forced and required Plaintiff to engage in numerous activities to identify and counteract the Defendants' unlawful conduct, policies, and practices, in order to protect residents from unlawful housing discrimination.

67. As a result of Defendants' actions, policies, and procedures, Plaintiff conducted investigations of disability-related issues at Defendants' property.

68. The investigations included pre-testing research, site visits, testing, education and outreach, post-testing research, extensive discussions with testers and staff to resolve and ameliorate the discriminatory housing policies, practices, and services of Defendants, and advocacy at the Ohio Civil Rights Commission.

69. Plaintiff's diversion of time and resources to address Defendants' discriminatory conduct has forced MVFHC to suspend other projects that would have furthered its mission, including: conducting training sessions on race and familial status discrimination, investigation of other housing providers, missed speaking engagements, delaying its Analysis of Impediments to Fair Housing Study in Montgomery County, Ohio, applying for grants, soliciting donations from current and prospective donors, and other testing-related activity.

70. Plaintiff will continue to divert its scarce resources and have its mission frustrated until Defendants' discriminatory conduct ceases and the harms caused by Defendants on residents and prospective residents are remedied and resolved.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE FAIR HOUSING ACT OF 1968, as amended 42 U.S.C. § 3601.01, *et seq.* (Disability Discrimination)

71. Plaintiff restates and realleges each and every allegation in Paragraphs 1 through 70 as if fully restated herein.

72. Plaintiffs' requests for reasonable accommodations were reasonable and necessary.

73. Defendants' conduct as described in this Complaint constitutes a refusal to make reasonable accommodations in rules, policies, practices, or services when such an accommodation may be necessary to afford a person with a disability an opportunity to use and enjoy a dwelling in violation of 42 U.S.C §§ 3604(f)(1); 3604(f)(2); and 3604(f)(3)(B).

74. Defendants' conduct as described in this Complaint constitutes discrimination in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of the disability of a person residing in or

intending to reside in a dwelling, including through the refusal to make reasonable accommodations, in violation of 42 U.S.C. §§ 3604(f)(1); 3604(f)(2); and 3604(f)(3)(B).

75. Defendants' conduct as described in this Complaint constitutes discriminatory statements that indicate a preference, limitation, or discrimination based on disability in violation of 42 U.S.C. § 3604(c).

76. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered damages and is an aggrieved person, as defined in 42 U.S.C. § 3602(i).

77. Wherefore, Plaintiff requests compensatory and punitive damages in excess of $25,000, together with costs and reasonable attorney fees, in an amount to be determined at trial.

## COUNT II: VIOLATION OF THE OHIO CIVIL RIGHTS ACT
## OHIO REV. CODE § 4112.02(H), *et seq.* (Disability Discrimination)

78. Plaintiff restates and realleges each and every allegation in Paragraphs 1 through 77 as if fully restated herein.

79. Plaintiff's requests for reasonable accommodations were reasonable and necessary.

80. Defendants' conduct as described in this Complaint constitutes a refusal to make reasonable accommodations in rules, policies, practices, or services when necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of Ohio Rev. Code §§ 4112.02(H)(15) and 4112.02(H)(19).

81. Defendants' conduct as described in this Complaint constitutes an unlawful refusal to rent, denial or withholding of a housing accommodation because of disability in violation of Ohio Rev. Code § 4112.02(H)(4).

82. Defendants' conduct as described in this Complaint constitutes discrimination in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or

facilities in connection therewith because of disability in violation of Ohio Rev. Code § 4112.02(H)(16).

83. Defendants' conduct in this Complaint constitutes discriminatory statements that indicate any preference, limitation, specification, or discrimination based on disability with respect to a housing accommodation in violation of Ohio Revised Code § 4112.02(H)(7).

84. As a result of Defendants' discriminatory conduct, Plaintiffs have suffered damages and are aggrieved persons, as defined in Ohio Rev. Code § 4112.051.

85. Wherefore, Plaintiff requests compensatory and punitive damages in excess of $25,000, together with costs and reasonable attorney fees, in an amount to be determined at trial.

**COUNT III: NEGLIGENT TRAINING AND SUPERVISION**

86. Plaintiff restates and realleges each and every allegation in Paragraphs 1 through 85 as if fully restated herein.

87. Defendants owed a duty of care to properly train and supervise its employees and/or agents, including its property managers and leasing agents, on fair housing laws and non-discriminatory practices.

88. Defendants breached their duty of care by negligently providing inadequate training and failing to supervise its employees and/or agents, and property managers and leasing agents.

89. As a direct and proximate result of Defendants' negligent training and supervision, Plaintiff suffered harm in the form of unfair and discriminatory treatment during the initial inquiry and application process.

90. As a further direct and proximate result of Defendants' negligent training and supervision, Defendants imposed different terms, conditions, and privileges on the RA Tester, as it pertained to the requirement of payment of additional fees for a reasonable

accommodation, thereby subjecting them to differential treatment in the application process because of their disabilities.

91. Plaintiff was injured by Defendants' actions as described herein and diverted its scarce resources and had its mission frustrated by Defendants' discriminatory conduct as described herein.

92. Wherefore, Plaintiff requests compensatory and punitive damages in excess of $25,000, together with costs and reasonable attorney fees, in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, due to Defendants' discriminatory conduct and policies as described herein, Plaintiff respectfully requests that this Court grant judgment in its favor, and against Defendants, as follows:

A. Declaring that Defendants' actions violate the Federal Fair Housing Act, 42 U.S.C. § 3601.01, *et seq.*, and Ohio Rev. Code § 4112.01, *et seq.*;

B. Declaring that Defendants failed to property train and supervise its employees and/or agents;

C. Permanently enjoining Defendants from engaging in the conduct described herein and directing Defendants to take all affirmative steps necessary to remedy the effects of the conduct described herein and to prevent additional instances of such conduct or similar conduct from occurring in the future;

D. Awarding compensatory and punitive damages in an amount in excess of $25,000, together with costs and reasonable attorney fees pursuant to the Fair Housing Laws;

E. Mandating that the Defendants and all of their agents and employees receive

      training fair housing laws; and

  **F.** Granting such additional legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues triable as of right.

**Dated:** January 10, 2025

Respectfully submitted,

*/s/ C. Jacob Davis*
_____
C. Jacob Davis (#0101745)
NALLS DAVIS
33 White Allen Avenue
Dayton, Ohio 45405
Phone: (937) 813-3003
Fax: (937) 660-4400
Jacob.Davis@nallslaw.com
*Attorney for Plaintiff, The Miami Valley Fair Housing Center, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that service of the Summons and Complaint, or waiver of service, are being sent to Defendants at the address in the caption of the Complaint, by certified mail, return receipt requested, or another method of service authorized by the Federal Rules of Civil Procedure. A return receipt will be uploaded to the Court's e-filing system after service is perfected.

Respectfully,

*/s/ C. Jacob Davis*
_____
C. Jacob Davis (#0101745)
Attorney for Plaintiff

EXHIBITS:

**EXHIBIT #1 – OHIO CIVIL RIGHTS COMMISSION COMPLAINT**

**EXHIBIT #2 – OHIO CIVIL RIGHTS COMMISSION PROBABLE CAUSE FINDING**