Exhibit 2 - Ohio Civil Rights Commission
Probable Cause Finding



# OHIO CIVIL RIGHTS COMMISSION

Governor: Mike DeWine
Commissioners: Valerie A. Lemmie, Chair | Lori Barreras | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director: Angela Phelps-White

February 8, 2024            ***Mailed on Date February 8, 2024

Miranda Wilson, Director, Investigations & Enforcement
Miami Valley Fair Housing Center, Inc.
505 Riverside Dr
Dayton, OH 45405

Man Jit Saini
270 Spinning Road
Dayton, OH 45431

Red Paradise LLC, Owner
264-16 85th Avenue
Floral Park, NY 11001

Saurin Shah, Manager
Paradise Residency LLC
c/o Man Jit Saini, Registered Agent
270 Spinning Road
Dayton, OH 45431



## LETTER OF DETERMINATION
Miami Valley Fair Housing Center, Inc. v. Man Jit Saini, Owner/Registered Agent;
Paradise Residency LLC; Red Paradise LLC
DAYH6(31629)06012023; 22A-2023-04222C

**FINDINGS OF FACT:**
On June 1, 2023, Charging Party, Miami Valley Fair Housing Center, Inc., filed a charge of discrimination with the Ohio Civil Rights Commission alleging Respondent, Man Jit Saini, Owner/Registered Agent; Paradise Residency LLC; Red Paradise LLC, engaged in unlawful discriminatory practices. All jurisdictional requirements for filing a charge have been met.

After receiving the charge, the Commission conducted an investigation into Charging Party's allegations against Respondent. During the investigation, the Commission considered relevant documents and testimony. The information gathered does support a recommendation that Respondent unlawfully discriminated against Charging Party.

Specifically, Charging Party is a fair housing agency who became aware of potential housing violations committed by Respondent as it relates to disability and reasonable accommodations. Such practices limit access to housing opportunities for people with disabilities and frustrated the mission of the Miami Valley Fair Housing Center, Inc. This requires diversion of its scarce resources to counteract the effect of such practices in the community.

---

DAYTON REGIONAL OFFICE | Point West III - 3055 Kettering Blvd., Suite 111 Dayton, OH 45439
PHONE: 937-285-6500 | TOLL FREE: 1-888-278-7101 | TTY: 614-752-2391 | FAX: 937-285-6606
www.civ.ohio.gov

Miami Valley Fair Housing Center, Inc. v. Man Jit Saini, Owner/Registered Agent; Paradise Residency; Red Paradise LLC
DAYH6(31629)06012023; 22A-2023-04222

In response, testing was done to determine whether violations, specifically regarding disability and reasonable accommodations, were being committed. A reasonable accommodation in the form of an emotional support animal ("ESA") was requested by the tester who indicated that his minor child had a disability which necessitated the use of an ESA. The request was granted, but with the addition of pet fees and a deposit. Charging Party asked Respondent to waive the fees since it was a medical recommendation, but Respondent denied the request. A therapy swing was also requested, which Respondent approved, after asking how the swing would be suspended.

Respondent provided their answer to the allegations and stated that the conversation regarding reasonable accommodations in which additional fees and a security deposit for pets was discussed was hastily concluded, and the approach added to their miscommunication and misunderstanding. Respondent asserts that when the tester inquired about the pet, he was advised about the "standard pet policy" for any pet that is not rightfully documented to qualify as a companion animal. This would include a request for a pet security deposit and an additional monthly pet fee.

Respondent stated that what seems to have been missed in the communication with the tester was the fact that the deposit is refundable once proper documentation has been submitted and verified for a pet being an assistance animal. They assert that in some instances, prospective applicants will lie on their application about their pet being a service animal without producing the rightful documentation to circumvent the renting process.

The investigation confirmed that Charging Party is a fair housing agency which advocates against discriminatory housing practices. As part of their advocacy, they conduct testing to determine whether housing providers are compliant with housing laws. It is disputed that Respondent differentiated between an ESA and a pet during the conversation with Charging Party's tester.

Documentation confirms that Respondent denied Charging Party's reasonable accommodation requests to waive the pet security deposit and monthly fees that Respondent stated would be charged after viewing the subject property. The tester never referred to the ESA as a pet. The testing documentation confirms that the tester reiterated that the ESA was medically prescribed, but the Respondent insisted that the pet security fee and monthly pet fees would be charged regardless. It was a condition of granting the reasonable accommodation for an ESA. This is in violation of the FHA and ORC 4112.02(h).

The investigation suggests that discrimination based upon disability occurred in this matter.

**DECISION:**
The Ohio Civil Rights Commission determines it is **PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be scheduled for **CONCILIATION**.

In accordance with Ohio Revised Code § 4112.05(A) and Ohio Administrative Code § 4112-3-03(C), the Commission invites you to participate in conciliation by informal methods of conference, conciliation and persuasion. Enclosed is a draft of the proposed Conciliation Agreement and Consent Order for your consideration. Evan R. McFarland has been assigned as Conciliator and can be reached by telephone at 937-285-6500 or by email at Evan.McFarland@civ.ohio.gov. **Please contact the Conciliator to discuss**

Miami Valley Fair Housing Center, Inc. v. Man Jit Saini, Owner/Registered Agent; Paradise Residency; Red Paradise LLC
DAYH6(31629)06012023; 22A-2023-04222

**the conciliation process.** If the Commission's attempts at conciliation are unsuccessful, a formal complaint will be issued and the case will be scheduled for a public hearing.

**NOTICE OF RIGHT TO REQUEST RECONSIDERATION:**
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of the Commission's determination. The application must be in writing and state specifically the grounds upon which it is based. You must submit the request for reconsideration, along with all additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this notice. This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad Street, 5th Floor, Columbus, Ohio 43215. Any application for reconsideration received after the ten-day period has expired will be deemed untimely. The Commission's Rules do not permit any employee of the Commission to grant any extension to this ten-day filing period. If you wish to appear before the Commissioners to present oral arguments in support or your request for reconsideration, you must specifically make a request to appear in writing.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.

**NOTICE OF RIGHT TO WITHDRAW ON A PROBABLE CAUSE DECISION:**
Pursuant to Ohio Revised Code 4112.051, you are hereby notified you have a right to withdraw the charge and file a civil action in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the OCRC investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed.

**FOR THE COMMISSION**

*/s/ Monica L. Moore*
Monica L. Moore, Regional Director
Ohio Civil Rights Commission
Dayton Regional Office
Point West III Office Building
3055 Kettering Blvd., Suite 111
Dayton, OH 45439
(937) 285-6500
monica.moore@civ.ohio.gov



# THE OHIO CIVIL RIGHTS COMMISSION

| | |
|---|---|
| **CENTRAL OFFICE** | **DAYTON REGIONAL OFFICE** |
| Rhodes State Office Building | Point West III |
| 30 East Broad Street, 5th floor | 3055 Kettering Blvd., Suite 111 |
| Columbus, Ohio 43215 | Moraine, Ohio 45439 |
| Telephone: (614) 466-2785 | Telephone: (937) 285-6500 |
| Toll Free: (888) 278-7101 | Toll Free: (888) 278-7101 |
| TTY: (614) 752-2391 | TTY: (614) 752-2391 |
| Fax: (614) 644-8776 | Fax: (937) 285-6606 |

## CONCILIATION AGREEMENT AND CONSENT ORDER

**Charging Party**: Miami Valley Fair Housing Center, Inc.
**Respondent**: Man Jit Saini, Owner; Paradise Residency LLC; Red Paradise LLC
**Charge Number**: DAYH6(31629)06012023; 22A-2023-04222

### General Provisions

1. This Conciliation Agreement and Consent Order is made between the Ohio Civil Rights Commission (hereinafter "Commission"); Miami Valley Fair Housing Center, Inc., hereinafter ("Charging Party"); and Man Jit Saini, Owner; Paradise Residency LLC; Red Paradise LLC (hereinafter "Respondent") and Respondent's heirs, representatives, officers, agents, employees, successors, or assignees.

2. This Conciliation Agreement and Consent Order is designed to ensure voluntary compliance with the provisions of the Ohio Laws Against Discrimination, as set forth in Ohio Revised Code Chapter 4112.

3. Respondent agrees that there shall be no discrimination of any kind as prohibited by Ohio Revised Code Chapter 4112 and that there shall be no retaliation against any person because he/she has opposed a practice deemed illegal under that chapter or because he/she has filed a charge, testified, assisted, or participated in an investigation, proceeding, or hearing.

4. Charging Party hereby waives, releases, and agrees not to sue Respondent for any claims arising before the Ohio Civil Rights Commission that were the subject of the above-referenced charge.

## Remedial Action

5. As evidence of a good faith effort to resolve the above-referenced charge, it is agreed:

   a. Within thirty days (30) of the ratification of this agreement by the Commission, Respondent shall participate in a minimum two hour discrimination training with an emphasis on civil rights and protected classifications.

   b. Within thirty days (30) of the ratification of this agreement by the Commission, Respondent agrees to create and implement a policy that is compliant with State and Federal Fair Housing laws, specifically as it relates to disability and reasonable accommodations.

   c. Within thirty days (30) of the ratification of this agreement by the Commission Respondent will pay Charging Party a lump sum of $5,000 for diversion of resources.

6. Supporting documentation and proof of compliance with this Conciliation Agreement and Consent Order shall be submitted to Desmon A. Martin, Director of Compliance and Enforcement, Ohio Civil Rights Commission, 30 East Broad Street, Columbus, Ohio 43215 within 30 days of ratification of this agreement.

## Enforcement

7. In accordance with the terms of Ohio Revised Code § 4112.06 and Ohio Administrative Code § 4112-3-03(D), this Conciliation Agreement and Consent Order constitutes a final order of the Commission. Respondents agree to be legally bound by this Conciliation Agreement and Consent Order and to waive a public hearing in this matter. See Ohio Adm. Code § 4112-3-10(B)(3).

8. This Conciliation Agreement and Consent Order does not constitute an admission by Respondent of any violation of Ohio Revised Code Chapter 4112.

9. The Commission may investigate whether Respondent has complied (or is complying) with the terms of this Conciliation Agreement and Consent Order. To that end, the Commission may require written reports and/or conduct inspections, examine witnesses, and review and copy pertinent records to determine compliance with the terms contained herein.

10. Respondent agrees that upon its failure to fully comply with the provisions of this Conciliation Agreement and Consent Order the Commission may initiate further action including, but not limited to, the filing of a complaint in the Court of Common Pleas to seek enforcement of the terms and provisions of this Conciliation Agreement and Consent Order and reimbursement for any legal fees and costs incurred in filing such enforcement action.

*SIGNATURES TO FOLLOW ON THE NEXT PAGE*

Miami Valley Fair Housing Center, Inc. v. Man Jit Saini, Owner; Paradise Residency LLC;
Red Paradise LLC
DAYH6(31629)06012023; 22A-2023-04222

**CHARGING PARTY (Charging Party or Representative)**

_____  _____  _____
Signature                    Printed Name                 Date

_____
Title

**RESPONDENT (Respondent or Representative)**

_____  _____  _____
Signature                    Printed Name                 Date

_____
Title

**RESPONDENT (Respondent or Representative)**

_____  _____  _____
Signature                    Printed Name                 Date

_____
Title

**OHIO CIVIL RIGHTS COMMISSION**

_____  _____  _____
Signature                    Printed Name                 Date

_____
Title

Miami Valley Fair Housing Center, Inc. v. Man Jit Saini, Owner; Paradise Residency LLC; Red Paradise LLC
DAYH6(31629)06012023; 22A-2023-04222