UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MIAMI VALLEY FAIR HOUSING CENTER,
INC.,

  Plaintiff,           Case No. 3:25-cv-7

vs.

PARADISE RESIDENCY, LLC,      District Judge Michael J. Newman
*et al*.,               Magistrate Judge Caroline H. Gentry

  Defendants.

---

**ORDER: (1) REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT BY OCTOBER 22, 2025; (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; AND (3) REQUIRING DEFENDANTS TO FILE ANY RENEWED MOTIONS DIRECTED AT PLAINTIFFS' AMENDED COMPLAINT BY NOVEMBER 5, 2025**

---

  This is a civil case in which Plaintiff Miami Valley Fair Housing Center, Inc. alleges violations of the Fair Housing Act against Defendants Paradise Residency, LLC; Red Paradise, LLC; and Saurin Shah. Doc. No. 1. Subsequently, Defendants filed a counterclaim against Plaintiff for declaratory and injunctive relief. Doc. No. 4.

  Now pending before the Court is Defendants' motion for partial judgment on the pleadings. Doc. No. 7. Plaintiff filed a memorandum in opposition (Doc. No. 11), and Defendants filed a reply (Doc. No. 12).

  Defendants have moved for judgment asserting Plaintiff lacks standing under Article III of the Constitution. Doc. No. 7 at PageID 121. To survive such a motion, standing must be "facially plausible" in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Ass'n of Am. Physicians & Surgeons v. U.S. Food and Drug Administration*, 13 F.4th 531, 543 (6th Cir. 2021). Plaintiff

has the burden of demonstrating "standing as to each claim and each type of relief sought." *Patterson v. United HealthCare Ins. Co.*, 76 F.4th 487, 493 (6th Cir. 2023). A complaint states a plausible claim when it states "enough facts to raise a reasonable expectation that discovery will reveal evidence" that a plaintiff has standing. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Once a plaintiff has demonstrated standing, a court has jurisdiction to consider the ultimate merits of the claims raised by that plaintiff. *Mays v. LaRose*, 951 F.3d 775, 782 (6th Cir. 2020) (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 & n. 9 (1977)). Standing may be clarified through the filing of an amended complaint. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Leave to amend must be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

In considering the Supreme Court's holding in *FDA v. Alliance for Hippocratic Medicine* and the Sixth Circuit's recent holding in *Tennessee Conference of National Association for the Advancement of Colored People v. Lee*, the Court requires Plaintiff to **AMEND** its complaint by **October 22, 2025**. 602 U.S. 367 (2024); 139 F.4th 557 (6th Cir. 2025). If Defendants then choose to file a renewed motion for judgment on the pleadings, or a motion to dismiss, they must do so by **November 5, 2025**.

Accordingly, Defendants' motion for partial judgment on the pleadings is **DENIED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

  October 3, 2025                                  s/*Michael J. Newman*
                                                          Hon. Michael J. Newman
                                                          United States District Judge